# PREROGATIVE COURT.

## OCTOBER TERM, 1873.

THEODORE MACKNET, appellant, and MARY H. MACKNET, respondent.

1. In assigning dower to a widow, the rights of all the devisees and heirs-at-law are to be regarded, and no more than a due proportion of the productive property, as between them, can lawfully be assigned to her.

2. An assignment of so much of the productive property as will produce a yearly income of $2500, when the estimated annual value of the whole is $6000, is excessive.

On appeal from decree of the Orphans Court of Essex county, in dower.

*Mr. J. W. Taylor*, for appellant.

*Mr. C. S. Titsworth*, for respondent.

THE ORDINARY.

Charles S. Macknet, deceased, late of the city of Newark, in this state, by his last will and testament, dated December 4th, 1871, devised to his executors his three houses and lots on East Kinney street, in that city ; one to be held in trust for the benefit of his daughter Caroline ; another to be held in trust for his wife during her lifetime, or so long as she should remain his widow, and then for her daughter Hattie ; the third to be sold for the benefit of his estate, the proceeds to go to the residuum which he gave to his two daughters above named, and his son, in equal shares. His homestead property, on Broad street, he gave to his son for life, with

remainder to his son's children. He died seized of one other piece of real property, a lot on the west side of Church street, on which were three small houses of inconsiderable value. The houses on East Kinney street are valuable and of about equal value. The homestead property consists of a large and valuable lot of land on Broad street, running through to Church street, being sixty feet on the former and ninety-two feet on the latter street. On it is a large dwelling-house. His widow having refused to accept the provision in lieu of dower, made in the will for her, her daughter Hattie therefore became entitled to the immediate benefit of the property devised to the executors in trust for the widow, her mother, for life, with remainder to her. Application was made to the Orphans Court of Essex county by the son, for the assignment of the widow's dower in the lands of which the testator died seized. The assignment was made by commissioners, and their report was approved and confirmed, and ordered to be recorded. The proceedings came before this court on appeal taken by the son. The grounds of appeal are : that the assignment was not made on the basis of annual productive value ; that it was excessive and unjust towards the children of the testator ; that it unnecessarily and illegally included a larger proportion of the real estate of the appellant than of the other children of the testator, and that it was made in disregard of the provisions of the will, and was contrary to law and unjust.

The commissioners set off to the widow the middle one of the three houses on East Kinney street, (the property which was devised to the executors for the benefit of the residuum of the estate,) about one-fourth in value of each of the two other houses adjoining it, and about one-third of the homestead dwelling-house, with about one-half of the unimproved rear of the homestead property. They gave her no part of the premises on the west side of Church street.

It appears by the evidence, that they estimated the annual value of the productive property at $6000. They regarded the homestead dwelling-house as of the annual value of $3000,

and each of the three houses on East Kinney street as of the yearly value of $1000. The rest of the testator's real estate they considered to be unproductive.

On the argument, the appellant's counsel insisted that the commissioners ought to have assigned for the one-third of this estimated annual value of $6000, two of the houses and lots on East Kinney street, viz.: the house and lot devised for the benefit of the residuum, and the house and lot devised for the benefit of the widow and Hattie. But such an assignment would have deprived the latter of all the productive property devised to her, and therefore would not have been sustained. No more than a due proportion of her productive property, as compared with that of the other devisees, can lawfully be taken for dower. *Matter of Ann Garrison,* 2 *McCarter* 393 ; *Leonard* v. *Leonard, 4 Mass.* 533.

But while the assignment in this respect was based on the right principle, it is manifestly excessive in the amount of productive property it gives to the widow. As before stated, the commissioners estimated the annual value of the whole of the productive property at $6000. Of this property they assigned to the widow so much as in their judgment would produce a yearly income of $2500.

The report and decree of confirmation of the Orphans Court must therefore be set aside.